IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>CORE RESOURCE MANAGEMENT INC.,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:16-bk-06712-BKM<br><br>**INTERIM ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL; AND (B) DETERMINING SUFFICIENCY OF ADEQUATE PROTECTION**<br><br>Hearing Date:  July 5, 2016<br>Hearing Time:  2:30 p.m. |

This matter came before the Court on the *Emergency Motion (A) Authorizing The Use Of Cash Collateral; And (B) Determining Sufficiency Of Adequate Protection* dated June 30, 2016 (the "Motion")1 of the above captioned debtor-in-possession (the "Debtor"), and the *Declaration of Dennis W. Miller in Support of First Day Motions* (the "Declaration"); and Goldman Advisers, LLC ("Goldman Advisers") filed a *Limited Objection to Motion* ("Limited Objection"); and an Interim Hearing was held on July 5, 2016 at 2:30 p.m..

Having reviewed the Motion and the Declaration and the Limited Objection and heard argument of counsel at the Interim Hearing, this Court finds and concludes that: (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. § 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion as modified by this Interim Order is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; (v) adequate and proper notice of the Motion and the Interim

---

1 Capitalized terms not defined in this Order have the meanings given to them in the Motion.

11782768

Hearing on it has been given; (vi) the Limited Objection of Goldman Advisers is sustained; and (vii) good and sufficient cause exists for granting the relief requested in the Motion as modified by this Interim Order. In light of the foregoing,

IT IS ORDERED THAT

1. The Motion is GRANTED on an interim basis as modified by this Interim Order and on the record at the Interim Hearing and the Limited Objection of Goldman Advisers is sustained.

2. A final hearing on the Motion as modified by this Interim Order is scheduled for July 21, 2016 at 10:00 a.m. prevailing Arizona Time before this Court in Courtroom 701 (the "Final Hearing"). Any objection to the relief sought in the Motion as modified by this Interim Order shall be filed with the Court and served on Debtor's counsel on or before three (3) calendar days prior to the Final Hearing.

3. This Interim Order shall be served no later than 3 calendar days after the entry of the Interim Order, by US Mail, along with a notice of entry of the Interim Order and of the date and time of the Final Hearing (the "Notice"), and (to the extent not previously served) the Motion and all exhibits and attachments on (i) all creditors and parties in interest listed on the master mailing matrix and their counsel (if known); (ii) the Office of the US Trustee; and (iii) any other party that has filed as of the date of the Interim Order's entry, a request for notice from the Clerk of the Court, and Debtor shall file a certificate of service with the Court regarding the same.

4. The Debtor is authorized, and Goldman Advisers consents as modified by its Limited Objection and this Interim Order, to use cash collateral on an interim basis through the date of the Final Hearing to pay post petition expenses only in accordance with the budget submitted by the Debtor and attached hereto as Exhibit "A" ("Budget") subject to the terms of this Interim Order. Debtor shall strictly comply with the Budget

FENNEMORE CRAIG, P.C.
PHOENIX

and shall not use cash collateral for any purposes other than contained in the Budget and as modified by this Interim Order. Debtor shall not pay or reserve any cash collateral for the professional fees and audit fees as set forth in the Budget without further order of the Court.

5. The Debtor is at this time not required to pay Adequate Protection Payments to any creditors, except that, as adequate protection and in consideration of the use and sale of oil and the use of cash collateral and Goldman Advisers' consent thereto, the Debtor shall open a special DIP deposit account for the benefit of Goldman Advisers at First Interstate Bank and Trust and shall deposit therein the amount of $2,000 on the 15th day of each month as and for adequate protection for Goldman Advisers. Such amount shall not be paid to Goldman Advisers and not used or withdrawn from the account by Debtor without further order of this Court. Nothing in this Interim Order shall limit, waive or in any way affect Debtor's or Goldman Advisers' rights and remedies in this case to pursue further adequate protection and any other motions, applications as it may deem appropriate to protect its interests.

6. As adequate protection and in consideration for the use and sale of oil and the use of cash collateral and Goldman Advisers' consent, Debtor is authorized and hereby grants to Goldman Advisers and other Pre-Petition Secured Lenders a replacement lien on all of Debtor's Assets, including post petition Accounts Receivables from oil production and the proceeds deposited in the Debtor in Possession deposit account, to the extent of cash collateral used by Debtor, and to the extent each may have a valid and perfected security interest or lien as of the petition date in Debtor's assets. Debtor reserves the right to challenge the liens asserted by any Pre-Petition Secured Lenders or Goldman Advisers. No further filing or recording or notification shall be necessary or required in order to create or to perfect such

replacement lien. Debtor shall provide to Goldman Advisers a monthly report on the 20th day of each month showing the actual to Budget comparison of the use of cash collateral, the amount of and aging of the Accounts Receivables, the amount of proceeds in the DIP deposit account and the special DIP deposit account held for the benefit of Goldman Advisers.

7. Any party receiving payment from the Debtor is authorized and directed to rely on the representation of the Debtor as to which payments are authorized by this Interim Order. Any party owing money to Debtor, including but not limited to Enerwest Trading Co., is authorized and directed to pay Debtor all sums owed to Debtor which shall be deposited by Debtor in its Debtor in possession deposit account at First Interstate Bank and Trust.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted by the Interim Order.

9. Notwithstanding the possible application of Bankruptcy Rules 6004, 7062 or 9014, this Interim Order shall be immediately effective and enforceable upon entry.

10. This Court retains the jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

DATED AND SIGNED ABOVE.

Approved as to form and content:

/s/ Adam Hauf

Attorney for Debtor in Possession

/s/ Cathy L. Reece

Attorney for Goldman Advisers, LLC

/s/ Renee Sandler Shamblin

11782768

- 4 -

Attorney for US Trustee

FENNEMORE CRAIG, P.C.
PHOENIX
11782768