Adam E. Hauf
The Law Office of Adam Hauf
4225 W Glendale, Ste A104
Phoenix, Arizona 85051
P: 623.252.0742 F: 623.321.2310
admin@hauflaw.com
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**CORE RESOURCE MANAGEMENT, INC.**<br><br>Debtor. | In Chapter 11 Proceedings<br><br>Case No.: 2:16-bk-06712-BKM<br><br>**APPLICATION OF THE DEBTOR PURSUANT TO SECTION 327 (a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY AND RETAIN HAUF PLC AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE** |

Core Resource Management, Inc. as debtor and debtor in possession, hereby moves this Court for entry of an order, substantially in the form of Exhibit "A" ("Proposed Order"), pursuant to Section 327(a) of the United States Bankruptcy Code (the "Code") authorizing the Debtor to employ Hauf Law as its attorneys *nunc pro tunc* to the Petition Date. This Motion is supported by the following Memorandum of Points and Authorities and the record of this Case.

DATED this 3rd day of August, 2016.

                                      THE LAW OFFICE OF ADAM HAUF

                              By:   /s/ Adam E. Hauf
                                       Adam E. Hauf, Esq., (026702)
                                       Attorney for Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

1. On June 13, 2016 (the "Petition Date") the Debtor filed a petition with the Court for relief under the provision of chapter 11 of the Code in order to permit it to reorganize its operation and restore profitability. The Debtor is operating its business and managing its properties as debtor-in-possession pursuant the Code Sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made.

2. Additional information about the Debtor's business and the events leading to the filing of the petition can be found in the Declaration of Dennis Miller in support of First Day Motions which is incorporated herein by reference.

### JURISDICTION AND VENUE

3. This Court has jurisdiction to this matter pursuant to 28 U.S.C. Sections 157 and 1334 of the Code. This is a core proceeding pursuant to Section 157(b) of the Code and venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

4. The statutory predicates for the relief requested herein is Section 327 of Title 11 of the Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Rules")

### RELIEF REQUESTED

5. By this Application the Debtor seeks approval to employ and retain Hauf Law, P.L.C. as its attorneys in connection with the commencement and prosecution of its Chapter 11 case, *nunc pro tunc* to the Petition Date. Pursuant to 327(a) of the Code and Bankruptcy Rule 2014 of the Rules, the Debtor requests that the Court enter the Proposed Order authorizing the retention of Hauf Law, P.L.C., (Hauf) under a general retainer, as its attorneys, to perform the extensive legal services that will be necessary during its chapter 11 case in accordance with Hauf's normal hourly rates, in effect when services are rendered and Hauf's normal reimbursement policies. In additional support of this Application, attached hereto as "Exhibit B" is a copy of the Retainer Agreement between Hauf and the Debtor, dated May 3, 2016.

## BASIS FOR RELIEF

6. The Debtor has been informed that the attorneys of Hauf, who will be employed in this chapter 11 case, are members in good standing of the State Bar of Arizona and the United States District Court for the District of Arizona. The Debtor has selected Hauf as its attorney because of Hauf's extensive general knowledge and experience in the field of Debtor' and creditors' rights and business reorganizations under chapter 11 of the Code. Prior to the Petition Date, Hauf has provided restructuring advice and assisted the Debtor in preparing for the Bankruptcy filing.

7. By reason of the foregoing, the Debtor believes that Hauf is both well qualified and uniquely able to represent the Debtor in its chapter 11 case in an efficient and timely manner. Hauf should be retained as counsel.

8. In addition to this Application, the Debtor may also file applications to employ additional professionals. Hauf has advised Debtor that it intends to monitor carefully such other professional retained by the Debtor, and, if retained, will clearly delineate their respective duties so as to prevent duplication of effort, whenever possible.

## NUNC PRO TUNC JUSTIFIED

9. Section 330 of the Code permits an attorney or other professional to receive reasonable compensation for services rendered to the bankrupt estate pursuant to 11 U.S.C. § 327. Both Section 327 and Bankruptcy Rule 2014 generally require approval by the Bankruptcy Court before an attorney can enter into the employ of the estate. In the matter of *Laurent Watch Co, Inc. 539 F2d 1231(9th Cir. 1986)* this Court found under the Bankruptcy Act, a bankruptcy court had the power to issue a *nunc pro tunc* order of appointment of attorney. The Bankruptcy Appellate Panel in *In re Kroeger Properties and Development, Inc. 57 B.R. 821(Bankr. 9th Cir. 1986)* concluded that bankruptcy courts retained this power with the enactment of the Bankruptcy Code.

In 1998 in the case of *Okamoto v. THC Financial Corp. 837 F2d 389(9th Cir. 1988)* the ninth circuit held that "to justify a request for appointment *nunc pro tunc,* counsel must show

both a satisfactory explanation for that failure to receive judicial approval and that he or she has benefited the bankrupt estate in some significant way".

The case of *Atkins v. Wain, Samuel & Co ("Atkins") 69 F3d 970* clearly establishes, as previous cases had, that approval of employment of professionals for the estate and a retroactive award (*nunc pro tunc*) award of fees for such services rendered without court approval is limited to "exceptional circumstances" where an applicant can show that failure to receive prior judicial approval and that he or she has benefited the estate in some significant manner. *See also THC 837 F2d 392.*

In the *Atkins* case an argument was made that in order to show that "extraordinary circumstances" existed it was necessary for the applicant to show that the 9 factors set forth in the case of *In re Twinton Properties Partnership, 27 B.R. 817(Bankr. M.D. Tenn. 1983)* must be demonstrated. The *Atkins* court rejected this contention and found:

> "Although the *Twinton Properties* factors have been cited with approval within this circuit, these factors have been cited in a permissive, rather than mandatory, fashion. The BAP has consistently suggested that *Twinton Properties* is the kind of analysis that may be applied, but has never dictated that every factor set forth in that opinion must be considered or met..."
>
> "It is not required that every condition enumerated in *Twinton Properties* be considered or met for the bankruptcy court to properly grant a *nunc pro tunc* approval of professional employment..."
>
> "Such awards should be limited to exceptional circumstances where an applicant can show both a satisfactory explanation for the failure to receive prior judicial approval and that he or she has benefited the bankrupt estate in some significant manner..."

Debtor alleges that it meets the requirements necessary to qualify for extraordinary circumstances. It was not the intent of Debtor or Debtor's counsel to file as early as took place. Various first day motions were being worked on as well as preparation of the schedules and statement of financial affairs. As demonstrated in other pleadings herein a determination and status of assets was difficult and is still not completely resolved. Counsel both here and in Oklahoma were trying to resolve several problems with regard to obtaining the necessary information and documentation necessary to properly and completely file the schedules and

statement of financial affairs. Unfortunately a purchaser of oil refused to pay the sums owed without court approval stating that a lien on the subject wells precluded him from making such payment. Debtor disputes such liens but instructed counsel to immediately file. Counsel did as so and concentrated on obtaining the use of cash collateral rather than completing first day motions which included the request for appointment of counsel. The Court at its hearing of July 21, 2016 pointed out to counsel that no application to appoint had been filed where upon Hauf has filed this Motion. Hauf believes that the aforesaid is a satisfactory explanation of its failure to timely file. The actions taken on an emergency basis as described above have made the funds being withheld by the oil purchaser available to the estate and although there is a dispute as to whether such funds are secured they are available.

## **SCOPE OF SERVICES**

10.     The employment of Hauf under a general retainer and in accordance with its normal hourly rates and disbursement policies in effect from time to time is appropriate and necessary to enable Debtor to execute faithfully its duties as debtor and debtor in possession and to prosecute its chapter 11 case. Subject to further order of this Court, it is proposed that Hauf be employed to render the following professional services:

    a.     advising the Debtor of its rights, powers and duties as debtor and debtor in possession in continuing to operate and to manage its business under chapter 11 of the Code;

    b.     preparing on behalf of the Debtor all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed in this chapter 11 case;

    c.     advising the Debtor, concerning, and preparing responses to applications, motions, other pleadings, notices and other papers that may be filed by other parties in this chapter 11 case;

    d.     advising the Debtor with respect to, and assisting in the negotiation and documentation of , financing agreements and related transactions;

    e.     reviewing the nature and validity of any liens asserted against the Debtor's property and advising the Debtor concerning the enforceability of such liens;

f.  advising the Debtor regarding its ability to initiate actions to collect and recover property for the benefit of their estates;

g.  advising and assisting the Debtor in connection with any commercial transactions;

h.  advising and assisting the Debtor in negotiations or communications with the Debtor' customers, equity holders and other stakeholders, and government regulatory bodies;

i.  advising the Debtor concerning executory contract assumptions, assignments and rejections;

j.  advising the Debtor in connection with the formulation, negotiation and effectuation of a chapter 11 sale process;

k.  advising the Debtor in connection with the formulation, negotiation and promulgation of a chapter 11 plan or plans, and related transactional documents;

l.  assisting the Debtor in reviewing, estimating and resolving claims asserted against the Debtor' estates;

m.  commencing and conducting litigation necessary and appropriate to assert rights held by the Debtor, protect assets of the Debtor' chapter 11 estates or otherwise further the goal of completing the Debtor's successful chapter 11 process, and to defend against any litigation brought against the Debtor; and

n.  performing all other necessary and appropriate legal services in connection with these chapter 11 cases for or on behalf of the Debtor's 11. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Hauf on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Hauf, as discussed below and in the Retainer Agreement.

11.  Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Hauf on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Hauf, as discussed below and in the Retainer Agreement.

Case 2:16-bk-06712-BKM    Doc 48    Filed 08/03/16    Entered 08/03/16 13:19:56    Desc
Main Document    Page 6 of 11

## HAUF'S DISINTERESTEDNESS

12. Hauf has stated its desire and willingness to act in this chapter 11 cases and render the necessary professional services as attorneys for the Debtor. To the best of the Debtor's knowledge, the members of, counsel, and associates of Hauf do not have any connection with or any interest adverse to the Debtor, their creditors, or any other party in this case, or their respective attorneys and accountants, except as set forth in the Retainer Agreement and that Hauf represents Mr. Neal Duncan in his individual Chapter 7 filed in this District Case No. 2:14-bk-11046-BKM.

13. Based upon the Hauf's assurances, the Debtor submit that Hauf is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and Hauf's employment is necessary and in the best interests of the Debtor and its estate. The Debtor has been informed that Hauf will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Hauf will supplement its disclosure to the Court.

14. During 2016, Hauf has been providing restructuring and other advice to the Debtor and assisted the Debtor in the preparation of its chapter 11 filing. On account of such services, as of the Petition Date, Hauf has received $10,000.00 from the Debtor on account of services rendered with regard to the Debtor's restructuring. In addition, pursuant to the Retainer Agreement, the Debtor paid Hauf $1,800.00 for costs which have been used to pay the filing fee herein. After applying a portion of the retainer to the outstanding balance as of the Petition Date, including fees and expenses associated with the filing of these cases, Hauf continues to hold a cost retainer in the amount of $83.00 as security for post-petition services and expenses in connection with this case.

15. The Debtor understand that Hauf hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further Orders of this Court for all services performed and expenses incurred after the Petition Date.

16. For services rendered by Hauf in these cases, the Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further Orders of this Court,

propose to pay Hauf its customary hourly rates for services rendered that are in effect from time to time, set forth in the Retainer Agreement, and to reimburse Hauf according to its customary reimbursement policies.

17. Hauf's hourly rates are set at a level designed to compensate Hauf fairly for the work of its attorneys and paralegals and to cover fixed and routine over head expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. In particular, Hauf's current hourly rates before for matters related to these chapter 11 cases range as follows: Partners: $350, Associates: $300-$275, and Paraprofessionals: $150-$250.

18. The following professionals presently are expected to have primary responsibility for providing services to the Debtor: Adam Hauf ($350) and Charles Leftwich ($300). In addition, as necessary, other Hauf professionals and paraprofessionals will provide services to the Debtor.

19. The Debtor respectfully submits that Hauf's rates and policies are more than reasonable.

## **NOTICE**

20. Notice of this Application has been provided to the following parties: (i) the Office of the United States Trustee for the District of Arizona; (ii) counsel to Debtor's prepetition alleged first lien holders; (iii) those creditors listed in the Master Mailing List; and (iv) all parties that, as of the filing of this Application, have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested herein, no other or further notice need be given.

## **NO PRIOR REQUEST**

21. The Debtor has not previously sought the relief requested herein from this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

DATED this 3rd day of August, 2016.

THE LAW OFFICE OF ADAM HAUF

By: /s/ Adam E. Hauf
Adam E. Hauf, Esq., (026702)
Attorney for Debtor

Original filed this 3rd
day of August, 2016

Copy of the foregoing Motion
and unsigned Order email or mailed this
3rd day of August, 2016, to:

U.S. TRUSTEE'S OFFICE
230 N. First Ave., Ste. 201
Phoenix, AZ 85003-1706

All creditors on the Master Mailing List

By: /s/ Deanna Cresta
Deanna Cresta

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

**CORE RESOURCE MANAGEMENT, INC.**

Debtor.

In Chapter 11 Proceedings

Case No.: 2:16-bk-06712-BKM

**ORDER APPROVING APPLICATION OF THE DEBTOR PURSUANT TO SECTION 327 (a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY AND RETAIN HAUF PLC AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the Application of Debtor's counsel pursuant to Section 327(a) of the United States Bankruptcy Code authorizing the Debtor to employ Hauf Law as its attorneys *nunc pro tunc* to the Petition Date,

**IT IS ORDERED** that Hauf Law is appointed as Debtor's attorneys *nunc pro tunc* to the Petition Date.

**DATED** this _____ day of _____, 2016.

_____
UNITED STATES BANKRUPTCY JUDGE