# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

**Debtor:** CORE RESOURCE MANAGEMENT, INC.
**Case Number:** 2:16-BK-06712-BKM  **Chapter:** 11
**Date / Time / Room:** TUESDAY, JANUARY 31, 2017 02:00 PM  7TH FLOOR #701
**Bankruptcy Judge:** BRENDA K. MARTIN
**Courtroom Clerk:** ELIZABETH IRISH
**Reporter / ECR:** JO-ANN STAWARSKI

## *Matters:*

1) CONTINUED HEARING RE: U.S. TRUSTEE MOTION TO CONVERT OR DISMISS CASE FILED BY PATTY CHAN ON BEHALF OF U.S. TRUSTEE.
   **R / M #:** 37 / 0

2) STATUS HEARING ON DISCLOSURE STATEMENT FILED BY ADAM E. HAUF ON BEHALF OF CORE RESOURCE MANAGEMENT, INC.
   **R / M #:** 113 / 0

3) STATUS HEARING ON DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 PLAN DATED NOVEMBER 4, 2016 FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FILED BY KATHERINE ANDERSON SANCHEZ ON BEHALF OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS .
   **R / M #:** 127 / 0

## *Appearances:*

ADAM E. HAUF, ATTORNEY FOR CORE RESOURCE MANAGEMENT, INC.
KATHERINE SANCHEZ, ATTORNEY FOR THE UNSECURED CREDITORS COMMITTEE
CAROLYN JOHNSEN, ATTORNEY FOR THE UNSECURED CREDITORS COMMITTEE
CATHY REECE, ATTORNEY FOR GOLDMAN ADVISERS
PATTY CHAN, ATTORNEY FOR U. S. TRUSTEE

Page 1 of 3

Case 2:16-bk-06712-BKM    Doc 208    Filed 01/31/17    Entered 02/01/17 12:55:26    Desc
Main Document    Page 1 of 3    02/01/2017  12:55:13PM

# Minute Entry

(continue)...   2:16-BK-06712-BKM        TUESDAY, JANUARY 31, 2017 02:00 PM

## *Proceedings:*

**ITEM 1)**

Ms. Chan provides an update. Her office reviewed the amended reports and sent a list of items that need to be amended. The agreement is that the amendments will occur in two weeks. Her office would like to continue the motion to the next hearing. She will probably be filing a stipulation that the debtor remain current going forward. She responds to the Court's questions. She will follow up on why the November report is missing. The second amended reports will be due in two weeks.

Mr. Hauf responds to the Court's questions. If the November report is missing, it may be an error on his part. Mr. Burr is looking at the reports filed by Mr. Duncan. Going forward, the debtor should be in compliance. Everything else is agreeable.

Ms. Reece reminds the Court that she filed a joinder to the motion. She agrees with what the U. S. Trustee proposes.

COURT: THE COURT WILL CIRCLE BACK AND SET A CONTINUED HEARING ON THE U. S. TRUSTEE'S MOTION.

**ITEM 2)**

Mr. Hauf provides an update. The parties respectively hired financial advisors. They have been working together to see if some of the financial issues could be resolved. They generated a list of items they would like to see. He turned over the files that were financials to the committee. He would like to continue the hearing to the next hearing on 02-16-2017. The debtor is working with the committee's financial advisor to see if they can come up with numbers that they all agree with. He responds to the Court's questions. The 02-16-2017 hearing is on the motion to approve the settlement.

**ITEM 3)**

Ms. Johnsen thinks that Mr. Hauf's suggestion is a good one. The financial advisors are working together. They are trying to move towards what's necessary to get a plan on file. She discusses the debtor's cash flow problems and how to fund repairs of the wells and maintain status quo. She has the link to the debtor's files. She thinks that there have been problems with working with Mr. Duncan. Ms. Chan and Mr. Hauf tried to work it out. She responds to the Court's questions. Mr. Duncan was the CFO. The reports were done by Mr. Duncan and are now being done by the CPA. She agrees with the suggestion of a continued status hearing on 02-16-2017. The parties will know more. Mr. Shaffer is planning a trip to Oklahoma to look at the wells. There is a Rule 9019 motion. She discusses the motion she filed yesterday. She asks the Court to set the motion the same time as a 9019 motion.

Ms. Reece is fine with the status hearings on the disclosure statement being set over for two weeks. She expresses her concern with the administrative expenses that accrue. She knows that the Court is sensitive to that as well. She notes that a motion to accelerate hasn't been filed. She is concerned that it takes things out of order. The motion to settle will moot out any motion for them to be able to pursue it. She responds to the Court's questions. If the Court approves the settlement, it moots out anything else from going forward. There is some overlap. There is a difference in standards. She explains why she doesn't think they should be heard together and why she doesn't think that it is appropriate for Mr. Shaffer to go to Oklahoma.

Ms. Johnsen refers to the Local Rules regarding acceleration. She believes this one is 14 days. If not, she will make a speaking motion to accelerate.

# Minute Entry

(continue)...    2:16-BK-06712-BKM        TUESDAY, JANUARY 31, 2017 02:00 PM

COURT:  THE COURT IS INCLINED TO ALLOW THAT TO BE SET AS WELL.  THE COURT IS WILLING TO SET BOTH MATTERS BACK A WEEK OR TWO.  THE COURT'S INCLINATION IS TO SET THEM TOGETHER.

Ms. Reece reviews the Rules.  This is a contested matter.  Her response time doesn't accrue until the Court tells her she has a response time.  She reviews the Rules.  She doesn't want to move the settlement hearing.  She expresses her concerns and reviews the issues.  She suggests that the Court not set them for the same time.

Ms. Johnsen thought the parties were trying to save attorney fees.  The parties will have to present facts.  She will need to demonstrate that releasing claims is not a good idea.  It makes very good sense to hear them together.  Ms. Reece has the right to object.  She notes that the complaint has not been answered.  She just found out about the fraudulent scheme.

COURT:  THE COURT NOTES THAT THEY ARE SETTLING THE CLAIMS.  THE PARTIES COULD ARGUE THAT THE DEBTOR IS PURSUING THE CLAIMS BY SETTLING THEM.  IF THEY LOSE ON THE SETTLEMENT AND THE COURT DOESN'T APPROVE IT, THEY MAY GO FORWARD ON THE CAUSES OF ACTION THAT'S BEEN IDENTIFIED.  THE ONE PAUSE THE COURT IS HAVING TO NOT HOLDING THESE AT THE SAME TIME IS THE COURT DOESN'T KNOW IF THE DEBTOR WANTS TO PURSUE THE ACTIONS AND MIGHT TAKE A DIFFERENT ARGUMENT.

Mr. Hauf responds to the Court's comments.  He filed the settlement motion based on the analysis of the claims, the cost of pursuing the claims, the likelihood of recovering on the claims, the costs of resolution and litigation of the claims.  He describes what would need to be done if the settlement is found not to be appropriate or not approved.  He responds to the Court's questions.  The debtor will have to evaluate the circumstances if the settlement is denied.

Ms. Johnsen states that they have already evaluated it and told the debtor about the fraudulent conveyance actions.  She doesn't know why it can't been done all at the same time.  It's her guess that standing won't be with Mr. Hauf's client under a confirmed plan.  She thinks that a lot of people are going to be implicated.

Mr. Hauf informs the Court that the settlement addresses one very important item.  It's his understanding that if the committee were to pursue these matters, the costs would have to be incorporated when the debtor confirms a plan of reorganization.  The settlement addresses the cash flow issues and makes a significant difference.  They did evaluate it.

COURT:  IT IS ORDERED ALLOWING THE MOTIONS TO BE HEARD AT THE SAME TIME.  THE TWO ISSUES ARE VERY DIFFERENT.  THE STANDARDS WILL BE DIFFERENT.  EVIDENCE WILL NOT BE TAKEN.  THE COURT WILL MAKE A DETERMINATION ABOUT WHETHER OR NOT THE SETTLEMENT IS IN THE BEST INTEREST OF THE ESTATE AND WHETHER IF IT ISN'T, THE CLAIMS THAT DO SURVIVE MAY BE PURSUED BY THE COMMITTEE.  THE COURT DOESN'T THINK THAT THERE IS A DENIAL OF DUE PROCESS BY SETTING IT ON AN EXPEDITED BASIS 17 DAYS AFTER IT WAS FILED.  IT IS ORDERED SETTING A HEARING ON THE COMMITTEE'S MOTION FOR 02-16-2017 AT 02:00 PM WITH RESPONSES DUE BY 05:00 PM ON 02-10-2017 AND ANY REPLY DUE BY NOON ON 02-15-2017.

Ms. Reece corrects a fact that was stated.  The reason an answer and responsive pleading hasn't been filed is they were given an extension of time.  No default has been entered.  The extension still hasn't run.

COURT:  IT IS ORDERED SETTING A CONTINUED HEARING FOR 02-16-2017 AT 02:00 PM.